FORDHAM, JUDGE:
Claimant brought this action for personal injuries and vehicle damage which occurred on March 7, 2000, when her 1998 Honda Civic went into a washed out area of the shoulder while she was traveling on W. Va. Route 501 in Cross Lanes, Kanawha County. W. Va. Route 501 is a road maintained by respondent. The Court previously found fault on the part of both the respondent and the claimant and assigned the claimant twenty five percent (25%) of that fault. This matter, therefore, was heard on the issue of damages only and the Court is of the opinion to make an award in this *114 claim for the reasons more fully stated below.
The claimant testified at the hearing of this matter as to the extent of her injuries. Ms. Brown Spaulding testified that after the accident she first checked on her five-week old son who did not appear to have suffered any injuries. She then noticed that her leg was rotated backwards and her ankle was broken. She also had a cut on her hand. Claimant testified that she was taken to the hospital where her leg was put back in place and because she had not been medicated while this was done, she experienced severe pain. Ms. Brown Spaulding next recalled waking up in the hospital approximately nine days later. She was told that she had suffered a head injury in the accident and stated that she could not answer basic questions. She also suffered a pelvis fracture in the incident. Claimant was moved to an inpatient rehabilitation unit on March 16, 2000, where she had to leam, among other things, how to use a walker and walk up and down stairs. Ms. Brown Spaulding required five or six surgeries due to the injuries suffered in her accident. Claimant’s total medical bills, including hospital bills, surgeries, and physical therapy, totaled $117,306.84. She was unable to work for several months following the accident so she incurred work loss which totaled $11,382.00. Ms. Brown Spaulding’s vehicle was totaled in the accident. Her insurance deductible was $250.00.
Claimant testified that as a result of the injuries she suffered she is no longer work able to work as a registered nurse on the floor of a hospital; therefore, she has taken a position as a legal nurse consultant in the office of a practicing physician. She stated that she had enjoyed being in the hospital with patients since she was prepared in her education for that type of position. She stated that she is unable to run which she did prior to the incident for personal exercise. Ms. Brown Spaulding also testified that due to her injuries, she can no longer play typical games with her children such as “tag” or “hide and seek.” She attempts to take walks with her family but her ankle injury tires her so that is not possible except for short walks. She enjoyed riding her bicycle prior to her injury and she continues to try to continue with this form of exercise but it is not as enjoyable for her now since she experiences pain during this activity. Her life style has changed dramatically as a result of the injury to her ankle which occurred as a result of this vehicular accident.
Clark D. Adkins M.D., stated in an evidentiary deposition that he had performed several surgeries on clamant as a result of her accident on March 7, 2000. He stated that she suffered a broken hip socket, broken tibia and broken fibula. Dr. Adkins testified that he examined Ms. Brown Spaulding on June 5, 2006, and stated that she has severe arthritis in her ankle which is progressive. He stated that her injury is permanent and that she will in the future require an ankle fusion due to the pain that she suffers. Elizabeth Davis, a certified rehabilitation counselor and certified life care planner, testified that an ankle fusion surgery would cost approximately $17,780.00.
In the instant case, the Court is of the opinion that claimant has suffered a permanent injury that will require future treatment as a result of the incident involved in this claim. Ms. Brown Spaulding has experienced and will continue to suffer a tremendous amount of severe pain and suffering as a result of her injuries and she has been forced to alter her lifestyle to accommodate her ankle. Therefore, the Court is of the opinion that an award of $498,639.36 represents a fair and reasonable reimbursement to claimant for her injuries and the resulting out-of-pocket medical bills, lost wages, future medical treatment, property loss, and past and future pain and suffering . However, the Court previously found claimant to be at fault to the extent of twenty five percent (25%) thus reducing the amount of the award to $373,979.52.
Accordingly, the Court is of the opinion to and does make an award to the *115 claimant in the amount of $373,979.52.
Award of $373,979.52.